**The below described is SIGNED.**

**Dated: December 12, 2011**

_William J. Thurman_
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Chief Judge**



_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| In re: | |
|---|---|
| **STEVEN ALAN KEYSER,** | **Bankruptcy No. 09-25601** |
| Debtor. | **Chapter 7** |

**MEMORANDUM DECISION ON DEBTOR'S MOTION
SEEKING CONTEMPT AND SANCTIONS**

This matter came before the Court at an evidentiary hearing on Motion by the above-captioned Debtor, Steven Alan Keyser (the "Debtor"), to (1) Extend the Automatic Stay to Co-Debtor Ariannus Limitada; (2) Order Wasatch to Dismiss Legal actions filed against Debtor and Co-Debtor Ariannus; and (3) Hold Wasatch in Contempt of Court for Violations of the Automatic Stay filed on January 4, 2011 (the "Motion"). The first two requests for relief were adjudicated by the Court by prior order. Regarding the alleged Stay Violations, the Court held an evidentiary hearing on November 17, 2011, in which the Debtor appeared Pro Se and Jerald Hale appeared on behalf of Wasatch Towers Condominium Owners Association ("Wasatch"). At the conclusion of the hearing, the Court took this matter under advisement to determine whether Wasatch violated the automatic

stay, and if so, what damages were appropriate under section 362(k) of the Bankruptcy Code.

After careful review of the statutory authority, the case law, and the parties' briefs and arguments, the Court issues the following Memorandum Decision, which will constitute its findings of fact and conclusions of law.

**I.   JURISDICTION AND VENUE**

This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is appropriate under 28 U.S.C. § 1408. Notice of the hearing on this Motion is found to be appropriate and adequate.

**II.   FACTS AND BACKGROUND**

In 1999, Ariannus Limitada, an entity owned by the Debtor, purchased a condominium located at 1235 East 200 South, Unit 901, Salt Lake City, Utah (the "Unit" or the "Property"). A dispute arose between the Debtor and Wasatch regarding the Property. It has lasted for a number of years. It was settled once but began again in 2008. The Property has been vacant for a number of years. On January 2, 2008, Wasatch recorded a Notice of Lien against the Property alleging unpaid homeowners dues and sought to foreclose on that Lien. On or about June 1, 2009, Ariannus Limited quitclaimed its interest in the Property to the Debtor. The next day, the Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code. On October 18, 2010, Wasatch filed its Motion for Relief from Stay (the "Motion for Relief"). On November 5, 2010, Trustee Roger R. Segal (the "Trustee") filed a Notice of Intent to Abandon the Property along with all pre-petition and post-petition claims in any way related to the Property. The Debtor filed an objection to Wasatch's Motion for Relief on November 18, 2010. The Court held a hearing on the Motion for Relief from Stay on November 22, 2010, wherein the Debtor affirmed that he did not object to the Trustee's

Notice to Abandon, and the Property was formally abandoned that same day. For some reason, Wasatch did not ask for an order for relief from stay at that time, but was entitled to such.

Wasatch pursued foreclosure against the property in state court by a complaint filed November 24, 2010. On December 10, 2010, Wasatch filed a motion for summary judgment and a motion for a temporary restraining order and preliminary injunction in the state court action requiring that physical loss insurance be maintained on the Property. On December 16, 2010, the state court held a hearing on the temporary restraining order and entered a temporary restraining order. On January 4 and January 10, 2011, the state court held hearings on the temporary restraining order and foreclosure issues. The state court held an additional hearing on March 11, 2011, and on April 27, 2011, the state court entered Findings of Fact, Conclusions of Law, Summary Judgment, and Decree of Foreclosure, ordering the Property to be sold by the Sheriff. The property was subsequently sold on June 21, 2011.

On January 4, 2011, the Debtor filed this Motion in this Bankruptcy Court. On January 18, 2011, the Court entered an Order on the Motion for Relief stating that the Property was abandoned by the Trustee and therefore the Court had no jurisdiction to hear the Motion for Relief. On January 28, 2011, the Court entered an Amended Order on the Motion for Relief, as additional facts were presented to the Court at a hearing on January 18, 2011, granting Wasatch relief from stay to pursue its state court action seeking in rem relief of foreclosure effective *nunc pro tunc* as of November 22, 2010. The Order additionally stated that no state court litigation was to seek a judgment against the Debtor personally for prepetition claims, but that no stay existed as to postpetition claims. On February 8, 2011, the Court entered an order on the Debtor's Motion denying the Debtor's request to modify its January 17, 2011 Order and authorizing an evidentiary hearing on any stay violation.

3

On July 13, 2011, the Debtor filed a Motion for Order to Show Cause and Sanctions, which was subsequently amended twice. The Court held a hearing on that Motion on August 29, 2011, and the Court entered an Order on September 13, 2011, ruling that the Court had previously granted leave for Wasatch to pursue foreclosure action against the Property abandoned by the Trustee, that the state court action represented a dispute between the Debtor and Wasatch and did not affect the estate or the administration thereof, that Wasatch's request for and the award of attorney's fees in the state court action did not interfere with the estate, and thus the Court would not review any such award of fees. On September 30, 2011, the Court entered an Order requiring an evidentiary hearing to occur on any stay violation alleged in the Motion by November 28, 2011, but clarifying that should such a hearing occur, the parties should not seek any relief previously granted or denied by prior orders of the Court.

### III. DISCUSSION

The Debtor's position is that Wasatch's actions were inherently inconsistent with a desire to obtain relief from the automatic stay. The Debtor argues that Wasatch abandoned its Motion for Relief on November 22, 2010, and therefore actions taken in between the November 22, 2010 hearing and the January 28, 2011 Order, including filing of the foreclosure complaint, the request for and granting of a temporary restraining order, and the entry of evidence at the January 4 and 10, 2011 hearings were all violations of the automatic stay. He also argues that because fees and costs incurred by Wasatch during that time period and evidence presented at those hearings were the basis for the foreclosure judgment, the judgment and fees granted therein were violations of the automatic stay and requests damages under section 362(k) of the Bankruptcy Code.

Wasatch's position is that all issues before the Court have been disposed of by prior orders

4

of this Court. Wasatch argues it did not take any action against the Property until after the November 22, 2010 hearing on its Motion for Relief and the abandonment of the property by the Trustee. Wasatch argues that any issues of the violation of the automatic stay that the Debtor has raised were resolved by the January 28, 2011 Order, wherein the automatic stay was lifted *nunc pro tunc* as of November 22, 2010. It is Wasatch's position that any of the actions taken in the state court litigation, including the request for and granting of the temporary restraining order, were against the Property and not against the Debtor personally for prepetition debts.

The Court concludes that the Debtor has failed to show that any violation of the automatic stay occurred in between the November 22, 2010 hearing and the January 28, 2011 Order, and consequently no damages resulted from such a violation. Section 362(k) of the Bankruptcy Code provides for damages for violations of the automatic stay. Section 362(a) makes the automatic stay to both the property of the estate under subsections (2), (3) & (4), as well any attempt to collect property of or enforce a lien against any property of the Debtor under subsections (5) & (6). The Debtor is correct in stating that relevant case law in other jurisdictions holds that abandonment of property by the estate removes the property from the estate but that the property reverts to the Debtor, and the Debtor and his property are remain protected by the automatic stay. *See*, *e.g.*, *In re Vicente*, 446 B.R. 26, 29-30 (Bankr. D. Mass. 2011) and *In re Gassaway*, 28 B.R. 842, 846 (Bankr. D. Miss. 1983). Absent relief from stay, Wasatch's actions to foreclose on the property may have been a stay violation.

However, the January 28, 2011 Order entered by this Court lifted the stay *nunc pro tunc* as of November 22, 2010, for Wasatch to proceed with its *in rem* foreclosure proceeding, and clarified that any action taken by Wasatch against the Property in the foreclosure action were not violations

of the automatic stay. The Debtor refers to the January 28, 2011 Order as "backdated" to November 22, 2010, the date the Trustee abandoned the Property. However, the phrase "backdated" is an incorrect description of that Order. Rather, the Order was dated *nunc pro tunc* November 22, 2010. The Tenth Circuit Court of Appeals has long held that a court has inherent power, by an order *nunc pro tunc*, "to correct the record of a judgment in order that such record shall truly reflect the judgment actually rendered, and may do so at a subsequent term of court." *Eaton v. Weaver Mfg. Co.*, 582 F.2d 1250, 1254 (10th Cir. 1978). All courts have the inherent power to enter orders *nunc pro tunc* for the purpose of showing that a court's "previous unrecorded acts ought to have been shown at that time." *In re Wallace*, 298 B.R. 435, 442 (B.A.P. 10th Cir. 2003)(quoting *Cairns v. Richardson*, 457 F.2d 1145, 1149 (10th Cir.1972). *See also*, *In re The Music Store, Inc.*, 241 B.R. 752, 754 (Bankr. N.D. Okla. 1999)("The ordinary meaning of the phrase *nunc pro tunc* is 'now for then,' and refers to corrections of court records so that they reflect what actually transpired.") In this matter, the Court's January 28, 2011 Order made Wasatch's relief from the automatic stay effective as of the date of the hearing November 22, 2010, and clarified that Wasatch had relief from stay to pursue its *in rem* remedy of foreclosure in state court as of that date.

Foreclosure is an *in rem* proceeding against real property, not against a defendant personally. *P.I.E. Employees Federal Credit Union v. Bass*, 759 P.2d 1144, 1150 (Utah 1988). The January 28, 2011 Order granted relief from stay to pursue the in rem foreclosure proceeding against the Debtor as of November 22, 2010. The Order clarified that no action was to be taken against the Debtor personally on a prepetition claim. The Court provided the Debtor with the opportunity to show that any actions taken in the state court proceeding were taken against him personally. The Debtor has failed to show any such action.

The subsequent Orders of this Court reiterated that no violation of the stay occurred when Wasatch pursued its foreclosure proceedings in state court. As clarified in the September 13, 2011 Order, any fees and costs obtained in the state court action are assessed against the real property, not against the Debtor personally. The January 28, 2011 Order and subsequent orders appear to be final orders subject to appeal. As such, the January 28, 2011 Order and subsequent orders are the "law of the case."[1] The Debtor's appeal of the January 28, 2011 Order to the Bankruptcy Appellate Panel was dismissed for a failure to prosecute, and the Debtor has not appealed any of the subsequent orders of this Court. In addition, the Debtor has not appealed the state court foreclosure order. As the Debtor has failed to show violations of the stay and damages arising therefrom, this Court declines to find that Wasatch violated the automatic stay in its actions against the Debtor in state Court between the November 22, 2010 hearing and the January 28, 2011 Order.

IV.  **CONCLUSION**

Based on the foregoing, the Debtor's Motion should be denied. A separate order will accompany this Memorandum Decision.

_____END OF DOCUMENT_____

---

[1] "The law of the case doctrine provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Dobbs v. Anthem Blue Cross and Blue Shield*, 600 F.3d 1275, 1279 (10th Cir. 2010)(quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).

oo00–00oo

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below:

Steven Alan Keyser
1667 Mohawk Way
Salt Lake City, UT 84108
    *Debtor, pro se*

Donald J. Winder
Jerald V. Hale
Winder & Counsel, P.C.
175 West 200 South #4000
P.O. Box 11008
Salt Lake City, UT 84110-2668
    *Attorneys for Wasatch Towers Condominium Owner's Association*

Roger G. Segal
257 East 200 South
Suite 700
P.O. Box 11008
Salt Lake City, UT 84147-0008
    *Chapter 7 Trustee*

U.S. Trustee's Office
Ken Garff Bldg.
405 South Main Street
Suite 300
Salt Lake City, UT 84111